# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# EASTERN DIVISION

| | | |
|---|---|---|
| Julie Baumiller, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| v. | ) | |
| | ) | Case No. 1:23-cv-16 |
| LDG-CNV, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Julie Baumiller ("Baumiller") moves for partial summary judgment and to strike Defendant LDG-CNV, LLC's ("LDG") affirmative defense of comparative fault, as it relates to General Services Administration's ("GSA") fault. Doc. 60; Doc. 64. LDG opposes the motion. Doc. 62. For the reasons below, the motion is granted.

This case involves a personal injury that occurred on May 18, 2022, at the William L. Guy Federal Building in Bismarck, North Dakota. Doc. 1. Baumiller was injured by tripping over a hole near the building entrance. Id. She sued GSA and LDG for failing to inspect, repair, and warn of the hole. Id. In response, LDG asserted the comparative fault of GSA. Doc. 25.

GSA later moved to dismiss the claims against it for lack of jurisdiction. Doc. 10. The Court agreed, finding that GSA had fully delegated its duties to LDG and owed no duty of care to Baumiller. Doc. 44. Baumiller now asks the Court to conclude that because of the previous determination that GSA owed no duty of care to Baumiller, that GSA also has no comparative fault under North Dakota law. Doc. 61.

"A party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment is required "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law." Id. Courts must afford "the nonmoving party the benefit of all reasonable inferences which may be drawn without resorting to speculation." TCF Nat'l Bank v. Mkt. Intelligence, Inc., 812 F.3d 701, 707 (8th Cir. 2016) (citation omitted).

This Court has jurisdiction based on diversity of citizenship, and so North Dakota state law provides the rule of decision. Olmsted Med. Ctr. v. Cont'l Cas. Co., 65 F.4th 1005, 1008 (8th Cir. 2023). North Dakota's comparative fault laws state that when multiple parties cause an injury, each is only responsible for their share of the damages based on their percentage of "fault." N.D. Cent. Code § 32-03.2-02. Here, "fault" is based on regular negligence principles. Id. "To prove negligence, a plaintiff must establish the existence of a duty, breach of that duty, and an injury proximately caused by the breach of duty." Schmidt v. Hess Corp., 2024 ND 72, ¶ 6, 5 N.W.3d 787, 791. "A defendant cannot be held liable for negligence if he or she did not have a duty to protect the plaintiff from injury." Id. at 792.

LDG claims that GSA shares fault for Baumiller's injuries. Doc. 25. But under North Dakota law, "fault" requires a duty on behalf of the allegedly negligent party to protect the plaintiff from injury. Schmidt, 2024 ND, ¶ 6, 5 N.W.3d at 792. Consistent with this Court's previous determination (Doc. 44), GSA did not owe Baumiller a duty of care on the date of her injury because GSA fully delegated its duties to LDG. Id. As a matter of law, GSA cannot share in the fault for Baumiller's injuries because it owed no duty to her. Doc. 44; Schmidt, 2024 ND, ¶ 6, 5 N.W.3d at 792. There are no triable issues of fact as to GSA's alleged fault.[1] So, Baumiller's motion for partial summary judgment is granted.

---

[1] This Court's holding is consistent with the holding in Matthews v. Missouri Basin Well Service, Inc., No. 1:16-cv-46, 2017 WL 2986370, at *2 (D.N.D. May 18, 2017).

2

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, the motion for partial summary judgment and to strike LDG's comparative fault defense as against GSA (Doc. 60) is **GRANTED**. The motion to strike (Doc. 64) is **MOOT**. At trial, LDG will be precluded from arguing comparative fault against GSA.

**IT IS SO ORDERED**.

Dated this 9th day of September, 2025.

*/s/ Peter Welte*
Peter D. Welte, Chief Judge
United States District Court